UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL
ASSOCIATION,

                              Plaintiff,

             – against –

YOEL DEEN, CHAIYA DEEN,
NANCY LANE LLC, *and* JOHN DOE
DEFENDANTS 1–20,

                              Defendants.

**OPINION & ORDER**

21-cv-8509 (ER)

RAMOS, D.J.:

KeyBank National Association ("KeyBank") brings this action against Yoel Deen ("Mr. Deen"), Chaiya Deen ("Mrs. Deen"), and Nancy Lane LLC (collectively, "Defendants") for fraudulent transfer. Doc. 1. Before the Court is KeyBank's motion for summary judgment. Doc. 34. For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

### A.  The Prior Action[1]

On January 23, 2020, KeyBank brought an action against Yoel Deen and his company, Direct Building Products Corporation ("DBPC"). Doc. 24 (Defs.' Answer) ¶ 4; *see also KeyBank Nat'l Ass'n v. Direct Building Prods. Corp.*, 20-cv-559 (ER), Doc. 7 (Compl.). In that action, KeyBank alleged that Mr. Deen executed a guaranty on April 10, 2016, which granted KeyBank a security interest in all of his and DBPC's assets and property. 20-cv-559, Doc. 7 ¶ 13. In reliance on that guaranty, KeyBank alleged it entered into two sets of promissory notes and commercial security agreements—one for a $175,000 loan in the form of a revolving line of credit on September 30, 2016, and one

---

[1] The following facts are drawn from KeyBank's complaint in the prior action, of which the Court takes judicial notice. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

for a $300,000 loan also in the form of a revolving line of credit on April 17, 2017.  *Id.* ¶¶ 14–17.  KeyBank further alleged that DBPC defaulted on its payment obligations under both agreements in June 2019, and KeyBank therefore sent a demand letter for payment of the $494,653.42 owed.  *Id.* ¶¶ 22–23.  Because Mr. Deen and DBPC failed to pay, KeyBank brought claims for breach of contract and replevin against DBPC and breach of guaranty against Mr. Deen.  *Id.* ¶¶ 28–44.

Neither Deen nor DBPC appeared in the action, and default judgment was entered against them on July 2, 2020 in the amount of $514,568.51 ("the Default Judgment"). 20-cv-559, Doc. 28 (Order for Default Judgment); *see also* Doc. 24 ¶ 4.

### B.  The Instant Suit[2]

On April 3, 2019, after the execution of the guaranty and both loan agreements but two months before the June 2019 default on the payment obligations, Mr. Deen and his wife, Mrs. Deen, executed a deed that transferred 6 Nancy Lane, Spring Valley, NY 10977 ("the Property"), where they lived, from solely Mr. Deen's ownership to Mr. and Mrs. Deen's joint and shared ownership in exchange for "consideration of Ten Dollars and other good and valuable consideration paid" ("the First Transfer").  Doc. 35-5 (April 3, 2019 Deed) at 3.  In their opposition papers, Defendants now assert that the "other good and valuable consideration paid" refers to Mrs. Deen's assistance to her husband with maintenance of the Property, which was their marital home.  Doc. 40 at 2 ("Chaiya Deen, while not previously listed as an owner of the [P]roperty, has worked, and paid her fair share of the [P]roperty and its upkeep, and was added to the deed by her husband in exchange for this assistance.  This assistance that M[r]s. Deen provided and continued to

---

[2] The following facts are drawn from KeyBank's statement of undisputed material facts (Doc. 34-1).  Local Rule 56.1(c) of the Southern and Eastern Districts of New York provides that if a party opposing summary judgment fails to "specifically controvert[]" any paragraph in the moving party's statement of undisputed material facts "by a correspondingly numbered paragraph," the moving party's paragraph will "be deemed to be admitted for purposes of the motion."  Here, while KeyBank filed a Rule 56.1 statement (Doc. 34-1), Defendants failed to file any response at all thereto.  All facts in KeyBank's statement are therefore deemed admitted by operation of Rule 56.1(c).

provide Mr. Deen, is the consideration on which the transfer was founded.").  Mr. Deen testified that it was a "a hard time" for him, and he changed the ownership from sole to joint because he "was starting to get worried, since [he doesn't] have a will, what happens if something happens to [him].  So [he] wanted to make sure that [his] wife is taken care of."  Doc. 35-8 (Yoel Deen Dep. Tr.) at 24:23–25:8.

Approximately one month later, on May 7, 2019, Mr. and Mrs. Deen conveyed the Property to Nancy Lane, LLC[3] for "consideration of Ten Dollars and other good and valuable consideration paid" ("the Second Transfer").  Doc. 35-5 (May 7, 2019 Deed) at 3.  In an affidavit in support of their answer, the Deens' attorney, Scott C. Levenson, stated that the Deens owed his firm $126,000 in legal fees, and the Second Transfer was made to satisfy that debt because "the equity remaining in the [P]roperty [wa]s valued at $180,000.00 at the time."  Doc. 24-1 ¶¶ 4, 7.

At the time of both transfers, DBPC was Mr. and Mrs. Deen's sole source of income and was already struggling financially and in danger of going out of business.  Doc. 35-8 at 15:14–17:3, 24:15–26:6.  When DBPC ultimately went out of business, Mr. and Mrs. Deen's expenses were greater than their income.  *Id.* at 31:14–32:12.

One month after the Second Transfer, Mr. Deen and DBPC defaulted on the payment obligations to KeyBank, leading to the suit approximately six months later and the Default Judgment another six months thereafter.  *See* Doc. 34-1 ¶¶ 1–3.

On October 15, 2021, fifteen months after the entry of the Default Judgment, KeyBank filed the instant suit against Mr. and Mrs. Deen and Nancy Lane, LLC, alleging that they fraudulently transferred the Property.  Doc. 1.  KeyBank sought avoidance of the First and Second Transfers and execution on the Property to satisfy the Default Judgment.  *Id.*

---

[3] Nancy Lane, LLC is a limited liability company organized under New York law with a principal place of business at the Property (6 Nancy Lane, Spring Valley, NY 10977).  Doc. 24 ¶ 2.  Levenson is the principal of Nancy Lane, LLC.  Doc. 35 (Dallarda Affirmation) ¶ 13.

The Court held an initial pretrial conference on December 13, 2022 (Doc. 27), following which the parties agreed that Nancy Lane, LLC would transfer the property back to Mr. Deen by March 10, 2023 to settle the case.  Doc. 35-6 (March 1, 2023 Email from Levenson Law to Carl Dallarda) at 2.  Accordingly, on March 7, 2023, Nancy Lane, LLC transferred the Property back to Mr. and Mrs. Deen jointly, effectively undoing the Second Transfer.[4]  Doc. 35-7 (March 7, 2023 Deed).  KeyBank asserts, however, that Mr. and Mrs. Deen refused to cooperate with the agreement to transfer the Property back from their joint ownership to Mr. Deen's sole ownership (*i.e.*, to undo the First Transfer) so that it could execute on the Property.  Doc. 36 (Pl.'s Mem. of L. in Support of Mot. for Summary Judgment) at 3.  KeyBank therefore proceeded to discovery (Doc. 33) and filed the instant motion for summary judgment on July 20, 2023 (Doc. 34).

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free School Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might "affect the outcome of the litigation under the governing law."  *Id.* (quoting *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008)).  The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."

---

[4] Even after the March 7 transfer, Mr. Deen testified at his deposition that he and his wife continued to reside at the Property until June 2021, when where was an electrical fire there.  Doc. 35-8 at 34:19–35:10.  The Property has since been, and still currently is, vacant (*id.* at 35:18–19), and it remains in Mr. and Mrs. Deen's names jointly (Doc. 34-1 ¶ 9).

*Saenger v. Montefiore Medical Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The non-moving party must do more than show that there is "some metaphysical doubt as to the material facts." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

## III.   DISCUSSION

KeyBank argues that the First Transfer was a constructive fraudulent conveyance as a matter of law, pursuant to New York Debtor & Creditor Law § 273, and the Court should therefore grant it summary judgment. Doc. 36.

As effective at the time of the First Transfer on April 3, 2019,[5] § 273 provided: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual

---

[5] Section 273, part of the Uniform Fraudulent Conveyance Act ("UFCA"), was repealed when New York enacted the Uniform Voidable Transactions Act ("UVTA," 2019 N.Y. Laws 580), which amended the UFCA and went into effect April 4, 2020. *See generally* UVTA. The UVTA is expressly not retroactive and applies only to transfers made or obligations incurred on or after its effective date of April 4, 2020. UVTA § 7. Thus, as the First Transfer was made a year prior to the UVTA's effective date, the instant case is governed by the UFCA.

intent if the conveyance is made or the obligation is incurred without a fair
consideration."  "The Second Circuit has instructed that a conveyance is 'deemed
constructively fraudulent' under [§] 273 only if 'two separate elements are satisfied:  first,
it is made without fair consideration, and second, the transferor is insolvent or will be
rendered insolvent by the transfer in question.'"  *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598,
610–11 (S.D.N.Y. 2018), *aff'd sub nom. Tae H. Kim v. Ji Sung Yoo*, 776 F. App'x 16 (2d
Cir. 2019) (quoting *United States v. Watts*, 786 F.3d 152, 164 (2d Cir. 2015)).  A
constructive fraudulent conveyance is "defined exclusively by the objective conditions of
the asset transfer at issue, without regard to the debtor's intent in making the transfer."
*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 126 F. Supp. 3d 388, 400 (S.D.N.Y.
2015), *aff'd*, 716 Fed. Appx. 23 (2d Cir. Nov. 16, 2017).

As to the first element, New York Debtor and Creditor Law § 272 provided that
fair consideration is given for a property when "in exchange for such property . . . as a
fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is
satisfied."  Thus, fair consideration requires both (1) the exchange of fair value and
(2) good faith.  *Kim*, 311 F. Supp. 3d at 611 (citations omitted).  "While fair consideration
'does not require dollar-for-dollar equivalence,' fair consideration cannot be
'disproportionately small . . . compared to the value of the transferred property.'"  *Id.*
(citation omitted) (alteration in original).

As to the second element, New York Debtor and Creditor Law § 271(1) provided
that "[a] person is insolvent when the present fair salable value of his assets is less than
the amount that will be required to pay his probable liability on his existing debts as they
become absolute and matured."  Because the comparison is between assets and debts, not
income and expenses, "a party is not insolvent just because he cannot pay his debts as
they become due."  *Kim*, 311 F. Supp. 3d at 612 (citation omitted).  In cases of fraudulent
conveyance, "the element of insolvency is presumed when a conveyance is made without

fair consideration, and the burden of overcoming such presumption is on the transferee." *Watts*, 786 F.3d at 165 (citations omitted).

KeyBank asserts that (1) Mr. Deen was insolvent at the time of the First Transfer, which (2) was made without fair consideration, and the conveyance is therefore fraudulent as to KeyBank. Doc. 36 at 5–8. Defendants dispute both assertions, arguing that (1) the First Transfer was made with sufficient consideration, and (2) Mr. Deen was not insolvent at the time because DBPC had then not yet gone out of business nor had it defaulted on its loan payment obligations. Doc. 40 at 1–3.[6]

According to Defendants' own attorney's affidavit, the Property was worth *at least* $180,000 at the time of the transfers. Doc. 24-1. Consideration of only $10 would be less than 0.01% of that value—indisputably "disproportionately small." *Kim*, 311 F. Supp. 3d at 611 (citation omitted). In their defense, Defendants state that Mrs. Deen's work and "pa[yment of] her fair share of the [P]roperty and its upkeep . . . is the consideration on which the transfer was founded." Doc. 40 at 2. But they do not detail the work, prior payments, or upkeep that Mrs. Deen allegedly performed on the Property. Nor do Defendants cite any case law in which similar services or other marital contributions were deemed sufficient consideration. The Court thus has nothing to compare against the value of the transferred property except the $10 figure listed on the deed and a vague reference to additional maintenance work purportedly done. *See Kim*, 311 F. Supp. 3d at 611. Defendants thus fall short of satisfying their burden of providing probative evidence beyond unsupported assertions, conjecture, or surmise that the First Transfer involved the exchange of fair value. *See Goenaga*, 51 F.3d at 17; *Senno*, 812 F.

---

[6] KeyBank's reply brief argues that there existed badges of fraud in the First Transfer, which give rise to an inference of intent to defraud. Doc. 42. But actual intent is irrelevant to the fraudulent conveyance inquiry. *See* § 273 ("Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors *without regard to his actual intent* if the conveyance is made or the obligation is incurred without a fair consideration." (emphasis added)); *see also Am. Federated Title Corp.*, 126 F. Supp. 3d at 400 (defining fraudulent conveyance "exclusively by the objective conditions of the asset transfer at issue, without regard to the debtor's intent in making the transfer").

Supp. 2d at 467–68.  But fair consideration requires both the exchange of fair value *and* good faith.  And Defendants have provided some evidence that the First Transfer occurred in good faith.  Namely, Mr. Deen testified that he transferred the property to joint ownership with his wife to make sure she was "taken care of" in case something happened to him during that "hard time" for them, as he did not have a will.  Doc. 35-8 at 24:23–25:1.  Accordingly, a genuine dispute of material fact exists as to whether the First Transfer was executed in good faith.  But, as noted above, Defendants have failed to come forward with evidence of a genuine dispute of material fact as to whether the First Transfer involved the exchange of fair value.

    As to the second element, however, KeyBank has failed to offer any evidence of Mr. Deen's insolvency, as it errs in focusing on his income and expenses.  The appropriate inquiry to determine insolvency would look to Mr. Deen's assets and debts.  *See Kim*, 311 F. Supp. 3d at 612.  But there is no evidence in the record from either party as to Mr. Deen's assets or debts.  KeyBank also argues that, in cases of fraudulent conveyance, "[t]he element of insolvency is presumed when a conveyance is made without fair consideration, and the burden of overcoming such presumption is on the transferee." Doc. 36 at 5; *see also Watts*, 786 F.3d at 165.  But Defendants note that Mr. Deen still had assets in DBPC at the time of the transfer (though they provide no evidence as to the value of those assets), as DBPC had not yet gone out of business.  Doc. 40 at 2–3. Moreover, even after the First Transfer, Mr. Deen still retained an interest in the Property, which had at least $180,000 of equity at the time.  Accordingly, even if a factfinder were to hold that the First Transfer was made without fair consideration and insolvency was therefore presumed, it is possible that Mr. Deen could overcome the presumption.  On the record before it on summary judgment, however, which does not detail Mr. Deen's assets and debts, the Court cannot hold as a matter of law whether Mr. Deen was rendered insolvent by virtue of the First Transfer.  The Court therefore cannot grant KeyBank summary judgment.

## IV.     CONCLUSION

For the reasons set forth above, KeyBank's motion for summary judgment is DENIED.  The parties are directed to appear for a conference on March 22, 2024 at 11:00 a.m. before the Honorable Edgardo Ramos in Courtroom 619 of the United States Courthouse, 40 Foley Square, New York, NY 10007.

The Clerk of Court is respectfully directed to terminate the motion (Doc. 34).

It is SO ORDERED.

Dated:     February 15, 2024
       New York, New York

_____
       EDGARDO RAMOS, U.S.D.J.